UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Katrina Merrifield,<br><br>    Plaintiff,<br><br>v.<br><br>The Giant Company d/b/a Giant Food Stores,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Katrina Merrifield (hereinafter referred to as "Plaintiff") by and through his undersigned attorney, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of The Giant Company d/b/a Giant Food Stores (hereinafter referred to as "Defendant") the of the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*).

## JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

1

set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

5. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

6. Plaintiff is an adult individual with a primary residence located at 256 Clamer Road, Ewing, NJ 08628.

7. Defendant is a business corporation with a regular place of business located at 6542 E. Logan Square, New Hope, PA 18938.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

**FACTUAL BACKGROUND**

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant as Assistant Bakery Manager in about January of 2017.

11. In about late December of 2021, Plaintiff requested time off from work because she was feeling ill.

12. After some time, Plaintiff's illness did not appear to be approving. Accordingly, she underwent testing for COVID-19. Plaintiff's results came back positive for COVID-19.

13. As a result of the aforementioned diagnosis, Plaintiff was required to quarantine and take additional time off from work.

14. Plaintiff initially applied vacation time to her additional time off. However, it quickly became evident that she would need to apply for FMLA leave to account for her ongoing need for time off to recover from COVID-19.

15. By way of an email dated about January 10, 2022, Plaintiff conveyed her request for FMLA leave to Defendant's Leave of Absence Coordinator, Melanie Irish ("Ms. Irish"). Specifically, Plaintiff requested that Ms. Irish provide her with copies of the necessary FMLA forms that she could have same filled out by her treating physician.

16. Ms. Irish emailed the requested FMLA forms to Plaintiff on about January 13, 2022. Unfortunately, Plaintiff was not able to print the forms, and she therefore requested that Ms. Irish send hard copies via regular mail.[1]

17. In addition to speaking with Ms. Irish, Plaintiff kept other management-level employees abreast of her pending FMLA request and/or the status of her health. For example:

- On about January 10, 2022, Plaintiff informed Assistant Store Manager Leah Marsland ("Ms. Marsland"), that Plaintiff was applying for FMLA leave to account for her time out of work while she recovered from COVID-19; and
- On about January 11, 2022, Plaintiff exchanged several text messages with Manager Fatima Valente ("Ms. Valente") wherein she advised that she was still recovering from COVID-19.

18. On January 21, 2022, Plaintiff received a letter from Defendant. Therein, Defendant notified Plaintiff that her employment terminated effective January 19, 2022. The stated reason for termination Plaintiff's employment was that Defendant had been "trying to get a

---

[1] Plaintiff did not receive hard copies of the requested FMLA forms until January 25, 2022, which was *after* she was terminated from employment.

3

hold of [Plaintiff] to apply for a leave of absence or return to work, and [had] ben unsuccessful" in doing so.

19. Defendant's representations as alleged in the aforementioned letter are patently false, as Plaintiff had been in constant communication with Defendant regarding her application for FMLA leave and the status thereof.

## Count I
## Violations of the FMLA
## (Interference and Retaliation)

20. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

21. Defendant is an employer under the FMLA, as Defendant is engaged in commerce and/or activities affecting commerce and employed fifty (50) or more employees.

22. At all times relevant herein, Plaintiff was an FMLA eligible employee as she: 1) worked for Defendant for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to her request for FMLA leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

23. Plaintiff exercised her rights under the FMLA when she requested FMLA leave.

24. Defendant interfered with Plaintiff's FMLA rights because, as outline in detail above, Plaintiff was entitled to FMLA benefits, and Defendant denied those benefits by terminating Plaintiff from employment while her request for FMLA was pending.

25. As described in detail above, Defendant retaliated against Plaintiff insofar as Defendant terminated Plaintiff within a close temporal proximity of her request for FMLA leave and for reasons directly related to her request for FMLA leave.

26. The forgoing conduct constitutes violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

B. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to liquidated damages;

C. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

E. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**Law Office of Jonathan W. Chase**
1515 Market Street
Suite 1200
Philadelphia, PA 19102

5

(215) 967-1544  
(215) 967-1108 (Fax)  
jwc@lawjwc.com